

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JESSICA SLIVAK, individually and on behalf of all others similarly situated, | Case No. 18 3628 |
|---|---|
| Plaintiff(s) | CLASS ACTION COMPLAINT |
| v. | |
| PERKINS & MARIE CALLENDER'S, LLC; RJ WATERS & ASSOCIATES, INC d/b/a WATERS RETAIL GROUP; | Jury Trial Demanded |
| Defendant(s) | |

## CLASS ACTION COMPLAINT

Plaintiff Jessica Slivak ("Plaintiff" or "Slivak"), on behalf of herself and all others similarly situated, alleges as follows:

### INTRODUCTION

1. Plaintiff is an "individual with a disability" as that term is understood pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and its implementing regulations.

2. Plaintiff, a forty-three-year-old female individual, was born with Osteogenesis Imperfecta (i.e., brittle bone disease), which requires her to use a wheelchair on a daily basis. Indeed, for mobility, Plaintiff has used a wheelchair for her entire adult life.

3. Plaintiff leads an active life. She maintains her career as a Speech-Language Pathologist, while actively serving on various committees in her church and being a wife and mother of three children.

4. Accordingly, Plaintiff is routinely traveling for work, family, and social functions.

1

5. To facilitate this active lifestyle, Plaintiff maintains a specially modified mini-van with an automatic side-ramp, allowing Plaintiff to wheel herself into and out of her vehicle so as to permit her to travel independently.

6. Naturally, this vehicle is registered as a "handicapped" vehicle with the Commonwealth of Pennsylvania's Department of Transportation and, consequently, bears a "handicapped" license plate.

7. Because of her vehicle's side-ramp, Plaintiff requires the use of "van accessible" handicapped parking spaces in order to provide her with sufficient space for access to and from her motor vehicle.

8. As set forth below, Plaintiff was denied full access to the Perkins Restaurant and Bakery ("Restaurant"), located at the Cross Keys Place retail shopping center in Doylestown, Pennsylvania ("Cross Keys"), due to its non-compliance with the ADA. As set forth below, Defendants have failed to comply with the ADA's regulations regarding handicap parking. As such, Plaintiff alleges that Defendants violated the ADA and its implementing regulations.

9. Unless Defendants are required to remove the access barriers described below, and required to change their policies and practices so that access barriers do not reoccur at their facilities, Plaintiff and the proposed Class will continue to be denied full and equal access to that facility as described, and will be deterred from patronizing Defendants' facilities.

10. The ADA permits private individuals, such as Plaintiff, to bring suit in federal court to compel compliance with the ADA.

11. Accordingly, and on behalf of a class of similarly situated individuals, Plaintiff seeks: (i) a declaration that Defendant's facilities violate federal law as described; and (ii) an injunction requiring Defendants to remove the identified access barriers, so that they are fully

accessible to, and independently usable by, physically-impaired individuals such as Plaintiff and the class she seeks to represent.

12.     Plaintiff also requests that once Defendants is fully in compliance with the requirements of the ADA, the Court retain jurisdiction for a period of time to be determined to ensure that Defendants have adopted and is following an institutional policy that will, in fact, cause Defendants to remain in compliance with the law.

## JURISDICTION AND VENUE

13.     This Court has federal question jurisdiction over the ADA claims asserted herein pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

14.     Plaintiff's claims asserted herein arose in this judicial district and Defendants maintains its headquarters and/or does substantial business in this judicial district.

15.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

16.     Plaintiff is and, at all times relevant hereto, was a resident of the Commonwealth of Pennsylvania. Plaintiff is and, at all times relevant hereto, has been a legally handicapped individual, and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. § 36.101 et seq.

17.     Defendant PERKINS & MARIE CALLENDER'S LLC ("PMCI") is a limited liability company with a listed corporate address at 6075 Poplar Avenue, Suite 800, Memphis, TN 38119.

18.     Defendant RJ WATERS & ASSOCIATES, INC. is a corporation registered in the

3

Commonwealth of Pennsylvania that does business under the fictitious name WATERS RETAIL GROUP ("Waters"). Waters operates as a real estate services firm organized and existing under the laws of the Commonwealth of Pennsylvania with a listed corporate address at 200 Old Forge Lane, Suite 201, Kennett Square, PA 19348.

19. Upon information and belief, Defendant Waters manages and/or otherwise controls Cross Keys, which is a retail shopping mall located in Doylestown, Pennsylvania.

20. Upon information and belief, Defendant PMCI owns, manages and/or otherwise controls the Restaurant, which is located in Cross Keys at 4319 Swamp Road, Doylestown, PA, 18901.

21. Upon information and belief Defendant Waters and Defendant PMCI (collectively, "Defendants") jointly share responsibility for ensuring the parking facilities of the Restaurant comply with the ADA.

22. Defendants operate a "public accommodation" pursuant to 42 U.S.C. § 12181(7)(F).

## TITLE III OF THE ADA

23. On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

24. The ADA broadly protects the rights of individuals with disabilities with respect to employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

25. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42

U.S.C. § 12181-89.

26.     On July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 C.F.R. § 36.[1]

27.     Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 C.F.R. § 36) contains the ADA standards for Accessible Design ("1991 Standards"), which were based upon the Americans with Disabilities Act Accessibility Guidelines ("1991 ADAAG"), published by the Access Board on the same date.[2]

28.     The ADA requires removal of existing architectural barriers in facilities existing before January 26, 1992, where such removal is readily achievable. See 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304(a).

29.     Facilities newly built or altered after January 26, 1993 must be readily accessible and usable by disabled individuals, including individuals who use wheelchairs. See 28 C.F.R. § 36.401 and 28 C.F.R. § 36.402.

30.     The DOJ revised the 1991 ADAAG when it issued the 2010 Standards for Accessible Design ("2010 Standards"), which were published on September 15, 2010.

31.     Notably, many of the requirements with respect to parking remained the same in the 2010 Standards.

---

[1] The DOJ is the administrative agency charged by Congress with implementing the requirements of the ADA.

[2] The Access Board was established by section 502 of the Rehabilitation Act of 1973. See 29 U.S.C. § 792. The passage of the ADA expanded the Access Board's responsibilities. The ADA requires the Access Board to "issue minimum guidelines . . . to ensure that buildings, facilities, rail passenger cars, and vehicles are accessible, in terms of architecture and design, transportation, and communication, to individuals with disabilities." 42 U.S.C. § 12204. The ADA requires the DOJ to issue regulations that include enforceable accessibility standards applicable to facilities subject to Title III that are consistent with the "minimum guidelines" issued by the Access Board, 42 U.S.C. §§ 12134(c), 12186(c).

5

32.     As set forth below, Defendants have failed to comply with those requirements.

## VIOLATIONS AT ISSUE

33.     Defendants own, operate, and/or lease a place of public accommodation; namely, the Restaurant.

34.     The Restaurant is not fully accessible to, and independently usable by, individuals with disabilities.

35.     The Restaurant is within Plaintiff's regular area of travel. Since Plaintiff's work requires her to travel throughout Bucks County, she intends to continue to patronize the Restaurant.

36.     However, even though Plaintiff desires and intends to visit the Restaurant, she continues to be denied full, safe and equal access because of Defendants' failure to remove certain architectural barriers, and will be deterred from visiting the Restaurant until those barriers are removed.

37.     On or about June 20, 2018, Plaintiff visited the Restaurant as part of a work breakfast.

38.     Further, during her visit to the Restaurant, Plaintiff experienced unnecessary risk due to the existence of architectural barriers that also impact the ability of Plaintiff and members of the Class access to patronize the Restaurant going forward.

39.     Plaintiff has not returned to the Restaurant since, because of the difficulties and unnecessary risks she faces from the architectural barriers that exist at the Restaurant.

40.     Specifically, while a cursory review of the parking lot of the Restaurant reveals several purported "handicap accessible" parking spaces, the spaces are not ADA compliant.

41.     Section 208.2.4 of the 2010 Standards requires "at least one" parking space for

6

every six "handicap accessible" parking spaces a facility maintains to be designated as "van accessible."

42. The ADA requires "van accessible" spaces to be either 96 inches wide, with an adjacent 96-inch "access aisle," or 132 inches wide, with an adjacent 60-inch "access aisle."

43. None of the spaces surrounding the Restaurant are specifically designated as "van accessible."

44. Further, Section 502.6 of the 2010 Standards requires that each "handicap accessible" parking space be identified by a sign, the bottom of which shall be at least 60 inches above the ground, that includes the International Symbol of Accessibility.

45. The Restaurant lacks signage identifying all of the parking spaces as "handicap accessible," including no signage designating a "van accessible" parking space.

46. In addition, the ADA requires that all "handicap accessible" parking spaces be adjacent to an "access aisle."

47. Upon information and belief, the Restaurant has two purportedly "handicap accessible" parking spaces that abut each other, with no "access aisle" separating the spaces, as evidenced below:



48.     Failure to provide adjacent "access aisles" to each "handicap accessible" parking space violates Section 502.2 of the 2010 Standards.

49.     Upon information and belief, this specific violation of the ADA has been in existence for years prior to Plaintiff's visit to the Restaurant.

50.     Moreover, Defendants provide a curb cutout that does not connect an "access aisle" to the front of the Restaurant. Rather, the curb cutout adjoins an actual parking space, which renders the cutout useless, so long as a vehicle is parked in the adjoining space.

51.     Upon information and belief, Defendants have centralized policies regarding the management and operation of the Restaurant and Cross Keys, and those policies are inadequate to ensure compliance with the ADA, as is demonstrated by the fact that the Restaurant remains non-compliant.

52.     Plaintiff will continue to attempt to use Defendants' facilities. However, so long as Defendants continue to violate the ADA, Plaintiff will be unable to use them independently and will be, thereby, denied full access to Defendants' facilities.

53.     Indeed, had adequate policies or procedures been in place, Defendant would have presumably caught and corrected the ADA violations complained of herein.

54.     Plaintiff requests periodic monitoring to confirm that the public accommodations are brought into compliance and remain in compliance.

55.     Without injunctive relief, Plaintiff will continue to be unable to safely and independently use Defendants' facilities.

## CLASS ACTION ALLEGATIONS

56.     Plaintiff brings this action pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure on behalf of herself and all individuals with disabilities who have

8

attempted to access, or will attempt to access Defendants' facilities, but experienced difficulty or hazards in ambulating through Defendant's parking facilities (the "Class").

57.     Upon information and belief, the Class is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective Class members through this class action will benefit both the parties and this Court.

58.     Typicality: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same unlawful conduct.

59.     Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the Class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' facilities and/or services due to Defendants' failure to make its facilities fully accessible and independently usable as above described.

60.     The questions of fact and law common to the class include but are not limited to the following:

a.     Whether Defendants are a "public accommodation" under the ADA;

b.     Whether Defendants' conduct in failing to make its facilities fully accessible and independently usable as described above violated the ADA;

c.     Whether Defendants' system or procedures for ensuring ADA compliance is adequate and appropriate;

d.     Whether remediation of Defendant's facilities is appropriate and financially feasible; and

9

e.      Whether Plaintiff and members of the class are entitled to declaratory and
injunctive relief.

61.     Adequacy of Representation:  Plaintiff is an adequate representative of the class
because her interests do not conflict with the interests of the members of the Class.  Plaintiff will
fairly, adequately, and vigorously represent and protect the interests of the members of the class
and have no interests antagonistic to the members of the class.  Plaintiff has retained counsel
who are competent and experienced in the prosecution of class action litigation.

62.     Class certification is appropriate pursuant to Rule 23(b)(2) because Defendants
have acted or refused to act on grounds generally applicable to the Class, making appropriate
both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

## COUNT I
## VIOLATION OF THE ADA

63.     The allegations contained in the previous paragraphs are incorporated by
reference.

64.     Defendants' facilities were required to be altered, designed, or constructed so that
they are readily accessible and usable by disabled individuals, including individuals who use
wheelchairs.  See 42 U.S.C. § 12183(a)(1).

65.     The architectural barriers described above demonstrate that Defendants' facilities
were not altered, designed, or constructed in a manner that causes them to be readily accessible
to and usable by individuals who use wheelchairs, including Plaintiff and the class she seeks to
represent.

66.     The architectural barriers described above demonstrate that Defendants have
failed to remove barriers, as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

67.     Defendants' facilities are required to comply with the DOJ's 2010 Standards or,

10

in some cases, the 1991 Standards.

68.     Defendants are required to provide individuals who use wheelchairs full and equal enjoyment of its facilities. See 42 U.S.C. § 12182(a).

69.     Defendants have discriminated against Plaintiff and the Class in that it has failed to make its facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of the ADA, as described above.

70.     Defendants' conduct is ongoing, and, given that Defendants have not complied with the ADA's requirements that public accommodations be fully accessible to, and independently usable by, individuals with disabilities, Plaintiff invokes her statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees.

71.     Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendants certify that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendants' non-compliance with the ADA's requirements that its facilities be accessible to, and independently usable, by individuals with disabilities is likely to recur.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, pray for:

a.     A Declaratory Judgment that at the commencement of this action Defendants were in violation of the specific requirements of Title III of the ADA described above;

b.     A permanent injunction which directs Defendants to take all steps necessary to bring its facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, and which further directs that the Court shall

11

retain jurisdiction for a period to be determined after Defendants certify that all of its facilities are fully in compliance with the relevant requirements of the ADA to ensure that Defendants have adopted and is following an institutional policy that will in fact cause Defendants to remain in compliance with the law;

c.   An Order certifying the Class proposed by Plaintiff, and naming Plaintiff as the class representative and appointing her counsel as class counsel;

d.   Payment of costs of suit;

e.   Payment of reasonable attorneys' fees; and

f.   The provision of whatever other relief the Court deems just, equitable and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

**(SIGNATURE ON THE NEXT PAGE)**

Date: <u>August 23, 2018</u>

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Arkady "Eric" Rayz
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

**CONNOLLY WELLS & GRAY, LLP**
Gerald D. Wells, III
Robert J. Gray
2200 Renaissance Blvd., Suite 275
King of Prussia, PA 19406
Telephone: (610) 822-3700
Facsimile: (610) 822-3800
Email: gwells@cwglaw.com
Email: rgray@cwglaw.com

Counsel for Plaintiff and the Proposed Class

13